# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SEAN GILMORE,**

        **Plaintiff,**

   v.

**RUSSIAN, ET AL.**

        **Defendants.**

Case No. 2:16-CV-01133-GCS
**JUDGE GEORGE C. SMITH**
Magistrate Judge Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Sean Gilmore, a pro se prisoner, filed this Complaint on November 30, 2016. (Doc. 1).[1] Roughly four months later, he filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). Pursuant to 28 U.S.C. § 1915(a), that Motion is **GRANTED**. All judicial officers who render services in this action shall so as if the costs had been prepaid. However, as explained below, the Court concludes this action cannot proceed.

Because Plaintiff seeks redress from a governmental entity or officer or employee of a governmental entity, this Court must conduct an initial screen of the Complaint (Doc. 1). *See* 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, "or any portion of the Complaint," if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). Applying those standards here, the undersigned **RECOMMENDS DISMISSING** the Complaint (Doc. 1).

---

[1] Unless otherwise noted, document numbers refer to this case, case no. 2:16-cv-1133.

## I. BACKGROUND

During the past year, Plaintiff has filed four lawsuits in this Court, seeking to proceed *in forma pauperis* in all four cases. *See generally* Case Nos. 2:16-cv-308, 2:16-cv-395, 2:16-1133, 2:17-cv-52. In each, he has alleged that prison officials have violated his constitutional rights. *Id.*

In case no. 2:16-cv-308, filed April 7, 2016, Plaintiff sued various prison employees, alleging injuries caused by negligence. (2:16-cv-308, Doc. 1). Because the Complaint Plaintiff submitted was unsigned, the Court instructed Plaintiff to file a signed Complaint and additionally informed him that "alternative complaints" are not permitted under the Federal Rules of Civil Procedure. (2:16-cv-308, Doc. 4). Plaintiff then filed an Amended Complaint, primarily asserting claims of excessive force and improper medical treatment. (2:16-cv-308, Doc. 5). The Court granted Plaintiff's motion for *in forma pauperis* and directed him to effect service. Because Plaintiff failed to serve nearly all of the defendants, the Court issued a show-cause order on July 21, 2016. Plaintiff responded by filing a "Motion to Dismiss Safety Negligence Claim That Was Mistaken for Misuse of Force" on August 4, 2016. (2:16-cv-308, Doc. 17). The Court construed the Motion as a Notice of Voluntary Dismissal and terminated the case. (2:16-cv-308, Doc. 18).

In case no. 2:16-cv-395, filed on May 2, 2016, Plaintiff again sued a number of prison officials. (2:16-cv-395, Doc. 1). And Plaintiff again alleged excessive force and improper medical care. (*Id.*) After the case was reassigned to the undersigned as a "related case" to case no. 2:16-cv-308, the Court granted Plaintiff's motion to proceed *in forma pauperis* and allowed the case to proceed. (2:16-cv-395, Doc. 5). During the course of this case, Plaintiff filed over a dozen motions and letters. (*See, e.g.*, 2:16-cv-395, Docs. 9, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24,

25, 26, 27, 28, 37, 38, 39). Throughout the case, the Court attempted to explain to Plaintiff what he needed to do to litigate the case. (*See, e.g.*, 2:16-cv-395, Docs. 5, 6, 23, 39). Despite repeated warnings, Plaintiff failed to comply, and the Court eventually dismissed the action for failure to prosecute and for failure to comply with the Court's Orders. (2:16-cv-395, Docs. 43, 50). The Court terminated the case on December 20, 2016. (2:16-cv-395, Doc. 51).

In case no. 2:17-cv-52, filed on January 17, 2017, Plaintiff alleges, *inter alia*, excessive force, medical deprivation, and deliberate indifference in violation of his Eighth Amendment rights. (2:17-cv-52, Doc. 1). After the case was reassigned to the undersigned as a "related case" to case nos. 2:16-cv-308 and 2:16-cv-395, the Court granted his motion to proceed *in forma pauperis* and allowed the case to proceed. (2:17-cv-52, Doc. 5). Case no. 2:17-cv-52 remains pending.

Plaintiff filed case no. 2:16-cv-1133 on November 30, 2016. (2:16-cv-1133, Doc. 1). He alleges excessive force, inadequate medical care, and negligence in violation of his Eighth Amendment rights. (*Id.*) On March 14, 2017, this case was reassigned to the undersigned as related to case nos. 2:16-cv-308, 2:16-cv-395, 2:17-cv-52. As noted above, the case is before the Court for an initial screen pursuant to 28 U.S.C. § 1915(a).

**II. DISCUSSION**

The majority of Plaintiff's Complaint is incomprehensible. Here are some examples:

- alleging Defendant "already handcuff in his attempt to rehandcuff Plaintiff Gilmore" (Doc. 1 at 2)

- alleging "Plaintiff Gilmore again told Captain Cox that he would even take a lie detector test which is actually USE of Truth Verification Systems" (*Id.* at 9)

- claiming Plaintiff has shown "bifurcated analysis that Plaintiff Sean Gilmore clearly established that [Defendants] continued to show that all defendants upon escort" (*Id.* at 13)

3

- alleging "currant injurys by former prison officials assault at Correctional Reception Center which was diagnosed at NCCI by M.D. Gillmore[*i.e.*, Plaintiff]" (*Id.* at 23)

- alleging "Defendant . . . continued to allow Plaintiff['s] eye and back and nerves system to be violated as a US constitutional violation" (*Id.* at 23)

- alleging "[Defendant] is a Devil and is doing the work of Satan Himself" (*Id.* at 23)

- alleging "[Defendant] enjoy[s] every moment of [mine] [losing] my left eye vision in is a sadist and enjoys seeing the children of God suffer" (*Id.* at 22)

- [Defendant] . . . recommend I masterbate to relief the pain shown me his Homosexual pscodic mentally challenged attitude . . . ." (*Id.* at 30)

In addition, Plaintiff claims a myriad of injuries, including, *inter alia*, a head concussion, a fractured nose, a speech impairment, and numbness of feet. (Doc. 1 at 23, 29). However, the cause of these alleged injuries is completely unexplained. Further, it is not clear whether Plaintiff has sued an officer with the last name Russian or if he believes the person whom he sued is of Russian descent. Finally, the Complaint is littered with profanity and accusations of racism. (*See, e.g.*, *id.* at 6, 9, 10, 21, 27, 31, 36).

While the Court does not use the word frivolous lightly, the word is appropriate here. "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328–29 (1989)). The Sixth Circuit has explained the frivolous standard this way:

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a

4

> dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

Consistent with *Hill*, courts routinely interpret incomprehensible complaints as frivolous. *See, e.g.*, *Carter v. Clerk of Court*, 2:14-cv-2344, 2014 U.S. Dist. LEXIS 174191 *2–3 (S.D. Ohio Dec. 17, 2014) ("This amended complaint is also frivolous and incomprehensible, as it fails to provide a basis for jurisdiction, to allege a short and plain statement of a claim, or to allege any facts which might plausibly state a claim under federal or state law. The amended complaint is also dismissed. Accordingly, this case is hereby dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)."); *Hillman v. United States*, 2011 U.S. Dist. LEXIS 20134, at *8 (S.D. Ohio Jan. 11, 2011) ("A cursory review of the complaint demonstrates that it is frivolous. Most of the allegations are nonsensical, supported by liberal citation to irrelevant authority.").

The Court finds the Complaint fantastic, delusional, and incomprehensible. Moreover, the Court has informed Plaintiff repeatedly that to pursue a claim in this Court, he must file a comprehensive, understandable complaint. (*See, e.g.*, Case No. 2:16-cv-395, Docs. 23, 39). Accordingly, the undersigned recommends dismissing the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(a).

### III. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS DISMISSING** the Complaint (Doc. 1) in its entirety.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: May 3, 2017 /s/Kimbery A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE